1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

| | | |
|---|---|---|
| PHILLIP SANDERS, | ) | 1:10-cv-627 OWW GSA |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER VACATING HEARING SCHEDULED |
| | ) | FOR SEPTEMBER 20, 2010 |
| DA TRACE FICTGLER, DA KAY | ) | |
| KRATT, DA LET SMITH, DA MARTIN | ) | |
| JIMMIEZE, COURT PROBATION, | ) | |
| MARIE TABACCHI, FRESNO COUNTY | ) | |
| DISTRICT ATTORNEYS OFFICE AND | ) | (Doc. 12) |
| COUNTY OF FRESNO, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

20
21
22
23
24
25
26
27
28

        Plaintiff, Phillip Sanders, ("Plaintiff") is appearing pro se and proceeding in forma

pauperis.  He filed this civil rights action on April 9, 2010 pursuant to 42 U.S.C. §1983 based on

violations of the Eighth, and Fourteenth Amendments of the United States Constitution.

Plaintiff names District Attorney Trace Fictgler, District Attorney Kay Kratt, District Attorney,

Let Smith, District Attorney Martin Jimmieze,[1] Marie Tabacchi, Court Probation, the Fresno

County District Attorney's Office, and the County of Fresno as Defendants.

---

[1] It is presumed that Plaintiff is referring to those persons holding the title of Deputy District Attorney, as Elizabeth Eagan hold the office of District Attorney in the Fresno County.

1

1    Plaintiff served the complaint on Defendants on June 6, 2010 via mail.  On July 1, 2010,

2  Defendants Fictgler, Jimmieze, Tabacchi, the Fresno County District Attorney's Office and the

3  County of Fresno ("Defendants") filed a Motion to Dismiss the Complaint.  (Doc. 12).  Plaintiff

4  has filed an opposition.  (Doc. 15).   The case is set for hearing on September 20, 2010 at 10:00

5  am before the undersigned.  (Doc. 14).

6    Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the

7  complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof

8  if the court determines that the action is legally "frivolous or malicious," fails to state a claim

9  upon which relief may be granted, or seeks monetary relief from a defendant who is immune

10  from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state

11  a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be

12  cured by amendment.

13    In this case, Plaintiff served the complaint before the court screened the pleading.

14  Therefore, Defendants' Motion to Dismiss is DENIED WITHOUT PREJUDICE so that the court

15  may complete the screening process.  Accordingly, the hearing on Defendants' Motion to

16  Dismiss set for September 20, 2010 at 10:00 am before the undersigned is hereby VACATED.

17  IT IS SO ORDERED.

18  **Dated:    September 2, 2010**              **/s/ Oliver W. Wanger**
                                            UNITED STATES DISTRICT JUDGE

2