# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>DA TRACE FICTGLER, DA KAY KRATT, DA LET SMITH, DA MARTIN JIMMIEZE, COURT PROBATION, MARIE TABACCHI, FRESNO COUNTY DISTRICT ATTORNEYS OFFICE AND COUNTY OF FRESNO,<br><br>Defendants. | 1:10-cv-627 OWW GSA<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING ACTION WITHOUT LEAVE TO AMEND |

## **INTRODUCTION**

Plaintiff, Phillip Sanders ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant complaint on April 9, 2010. Plaintiff files this civil rights action pursuant to 42 U.S.C. §1983 based on violations of the Eighth, and Fourteenth Amendments of the United States Constitution. Plaintiff names Deputy District Attorney Trace Fictgler, Deputy District Attorney Kay Kratt, Deputy District Attorney Let Smith, Deputy District Attorney Martin

1

Jimmieze,[1] Probation Officer, Marie Tabacchi, the Fresno County Probation Department,[2] the Fresno County District Attorney's Office, and the County of Fresno as defendants ("Defendants").

## DISCUSSION

A.   Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusion are not.  Id.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

---

[1] Although Plaintiff's complaint names these defendants as District Attorneys, it is presumed that Plaintiff is referring to those persons holding the title of Deputy District Attorney, as Elizabeth Egan is the only official who holds the office of District Attorney in Fresno County.

[2] The Court presumes that Ms. Tabacchi is a Probation Officer even though Plaintiff has not explicitly named her as such.

Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.      Plaintiff's Allegations

Plaintiff's complaint is rambling and incoherent.  Although it is unclear, Plaintiff appears to allege he was unlawfully charged with the same criminal offenses on two different occasions in 2004 in the Fresno County Superior Court.  Complaint at pgs. 1-2.  As a result of these charges, Plaintiff contends that an excessive bond was imposed and his Eighth and Fourteenth Amendment rights were violated.  Id.  He also alleges that his criminal case was improperly heard before a commissioner rather than a judge and that his attorney had a conflict of interest during the hearing.  Complaint at pgs. 2 and 4.  Finally, Plaintiff alleges that the probation office improperly attempted to violate his probation based on new charges.  Complaint at pg. 5. Plaintiff brings this action against all defendants in their individual and official capacities. Complaint at pg. 12.

As a preliminary matter, many of the documents Plaintiff refers to in his Complaint were not filed with the Court.  The Court summarizes the documents Plaintiff has filed in an attempt to understand Plaintiff's incoherent Complaint.  Although Plaintiff asserts that his bond was raised because he was charged with the same criminal charges twice, a review of the documents demonstrates that Plaintiff actually was charged with different offenses resulting in changes in his custody status as well as the required bond amounts.

Conviction documents attached to Plaintiff's Complaint reveal that Plaintiff was convicted of being a felon in possession of a firearm, in violation of California Penal Code § 12021 in the Fresno County Superior Court on April 13, 2004 , Case # F02906572-3. Complaint at pg. 16.  Plaintiff was sentenced to three years in prison with a one year enhancement pursuant to California Penal Code 667.5(b), for a total sentence of four years.  Id.

His sentence was suspended and he was committed to 300 days in the county jail to be followed by three years of probation. Id. Plaintiff was advised that he would be sent back to prison for the four year term if he violated probation. Complaint at pgs. 16 and 17 at lines 5-14. At the time of his sentencing, Plaintiff was not in custody. Complaint at 16.

Shortly thereafter, the Fresno County Probation Office realized that Plaintiff allegedly had other felony charges pending in the Fresno County Superior Court at the time of he was sentenced. Complaint at pg. 23. These felony charges included a violation of California Penal Code § 245, assault with a deadly weapon (Case No. F04902248-4),[3] and a violation of California Penal Code § 136.1, intimidation of a witness (Case No. F04902881-2). Id. The alleged assault with a deadly weapon offense occurred on March 25, 2004, and the alleged intimidation of a witness offense occurred on March 27, 2004. Id.

On May 18, 2004, the probation office recommended that Plaintiff's probation be revoked because of these offenses. Id. On May 19, 2004, the Court held a hearing for the violation of probation in the initial felon in possession of a firearm case (Case No. F02906572-3). Complaint at pg. 24. The People requested remand, however, the request was denied. The Court contined the probation violation hearing. Complaint at pgs. 24.

On May 19, 2004, Plaintiff was also arraigned for the intimidation of a witness offense (Case no. F04902881-2) and bail was set at $40,000.00. Complaint at pg. 26. On the same date, bond was set in the assault with a deadly weapon (Case No. F04902248-4) at $155,000.00. Complaint at pg. 27. On May 19, 2004, Mary Sanders also signed a promissary note in the amount of $195,000.00, and it appears Plaintiff was released. Complaint at pg. 31. However, on August 3, 2004, Plaintiff was ordered remanded to custody based on the initial violation of probation in the felon in possession of a firearm case (Case No. F02906572-3).[4] Complaint at pg. 40, 45.

---

[3] As a result of this offense, Plaintiff was also charged with California Penal Code 422, PC 12021(a)(1) and PC 245(a)(3).

[4] It is unclear from the documentation Plaintiff submitted whether the Court found that Plaintiff had violated his probation. However, because Plaintiff was remanded, it appears that Plaintiff's probation was revoked.

Plaintiff also submitted bond documents indicating that a member of Plaintiff's family posted a $250,000.00 bond for Plaintiff on October 25, 2004, however, the Court was unable to ascertain what offense this relates to as no other documents were attached. Plaintiff alleges all of the charges against him were dropped but no documents were attached to the Complaint in support of this assertion.

C.     Analysis of Plaintiff's Claims

    1.     *Rule 8(a)*

A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6) where the claimant cannot possibly win relief. *Omar v.Sea-Land Service, Inc.* 813 F.2d 986, 991 (9th Cir. 1987); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981). A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Wiliams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Nietzke*, 490 U.S. at 327.

As Rule 8(a) states, a complaint must contain "a short and plain statement of the claim." The rule expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 47.

In this case, Plaintiff has not provided Defendants with a short and plain statement of the claim. Nevertheless, he will not be given leave to amend the Complaint as the case is barred for the reasons set forth below.

    2.     *Statute of Limitations and 1983 Claims*

As a preliminary matter, federal civil rights statutes have no independent limitations period. *Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir. 2000); *Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir. 1993) (California's statute of limitations for personal injury actions governs claims brought pursuant to §§ 1981, 1983 & 1985); *Abreu v. Ramirez*, 284

F.Supp.2d 1250, 1257 (C.D. Cal. 2003). The applicable limitations period is determined by borrowing the forum state's limitations period for personal injuries. *Johnson v. State of California*, 207 F.3d at 653; *Abreu v. Ramirez*, 284 F.Supp.2d at 1257. Section 1983 and related federal civil rights claims "are best characterized as personal injury actions." *Wilson v. Garcia*, 471 U.S. 261, 280 (1985).

Pursuant to *Wilson*, the Ninth Circuit held that the appropriate statute of limitations for section 1983 and section 1985 claims brought in California is the limitation set forth in California Code of Civil Procedure § 340(3). *See Usher v. City of Los Angeles*, 828 F.2d 556, 558 (9th Cir.1987) (deciding § 340(3) applies to claims brought pursuant to 42 U.S.C. § 1983); *McDougal v. County of Imperial*, 942 F.2d 668, 674 (9th Cir.1991) (deciding that § 340(3) applies to claims brought pursuant to 42 U.S.C. § 1985(3)); *Taylor v. Regents of Univ. of California*, 993 F.2d at 711-12 (holding that § 340(3) applies to claims brought pursuant to 42 U.S.C. § 1985).

On January 1, 2003, section 340(3) was replaced with California Code of Civil Procedure § 335.1, which lengthened the limitations period for personal injury claims to two years. Although state law provides the statute of limitations for claims under sections 1983 and 1985, federal law determines when a civil rights claim accrues. *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). "Under federal law, 'a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.' " *Id.*, quoting *Two Rivers v. Lewis*, 174 F.3d 987, 992 (9th Cir.1999).

Although the statute of limitations is an affirmative defense that normally may not be raised by the Court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. *Franklin v. Murphy*, 745 F.2d at 1228-1230 (9th Cir. 1984). In this case, the defense appears complete and obvious from the face of the complaint and the accompanying documents submitted by Plaintiff because all of the violations alleged in the complaint occurred in April 2004. The complaint was not filed until April 2010 which is six years after the violation occurred. Thus, any of the alleged causes of action Plaintiff asserts are well outside the applicable two year statute of limitations period. Stated more plainly, Plaintiff had two years from the date

of the violation in 2004 to file his complaint.  Because Plaintiff alleges that the charges were dismissed against him, it does not appear that any tolling applies because of his incarceration.[5]

This Court acknowledges that pro se plaintiffs proceeding in forma pauperis must be given an opportunity to amend their complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d at 1228, n. 9.  Here, the Court finds it is absolutely clear that amendment will not cure the fatal defect of a time-barred Complaint and will recommend that all of the causes of action against all Defendants be DISMISSED WITHOUT LEAVE TO AMEND.

### 3.     *Prosecutorial Immunity*

State court judges and prosecutors are immune from liability under 42 U.S.C. § 1983.  *See Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986) (holding that judges and prosecutors are immune from liability for damages under § 1983); *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976).  Here, Plaintiff is attempting to sue for the actions taken during the course of the prosecutor's official capacity.  Therefore, Deputy District Attorneys Trace Fictgler; Kay Kratt; Let Smith, and Martin Jimmieze are immune from suit and it is recommended that they be DISMISSED WITHOUT LEAVE TO AMEND.

### 4.     *Eleventh Amendment Immunity*

Plaintiff has named the Fresno County Probation Department and the Fresno County District Attorney's Office in the Complaint.  "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state.  Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states." *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991), cert. denied, 503 U.S. 938 (1992)(citation

---

[5] The Court notes that Plaintiff has submitted documentation in response to Defendants' Motion to Dismiss based on the statute of limitation because Plaintiff was incarcerated from February 12, 2009 until December 6, 2009. (Doc. 15).  However, Plaintiff's incarceration in 2009 would not toll the requirement that he file within two years of 2004 because this is beyond the applicable statute of limitations period.

omitted); see also *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991).

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See, *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. at 144; *Natural Resources Defense Council v. California Dept. of Transportation*, 96 F.3d 420, 421 (9th Cir. 1996); *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d at 1053; see also *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (Board of Corrections is agency entitled to immunity); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity).

The Eleventh Amendment's bar to actions against states and their entities in federal courts provides grounds to dismiss the complaint against the Fresno County District Attorney's Office and the Fresno County Probation Department. The Complaint alleges no conduct that falls outside the scope of the immunities. Thus, the Court recommends that these defendants be DISMISSED WITHOUT LEAVE TO AMEND.

### 5. *The County of Fresno*

A local government unit may not be held liable for the acts of its employees under a respondeat superior theory. *Monell v. Department of Social Services*, 436 U.S. at 691; *Davis v. Mason County*, 927 F.2d 1473, 1480 (9th Cir. 1991), cert. denied, 502 U.S. 899 (1991); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989). Because liability of a local governmental unit must rest on its actions, not the actions of its employees, a plaintiff must go beyond the respondeat superior theory and demonstrate the alleged constitutional violation was the product of a policy or custom of the local governmental unit. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-480, 106 S.Ct. 1292 (1986).

A "rule or regulation promulgated, adopted, or ratified by a local governmental entity's legislative body unquestionably satisfies Monell's policy requirements." *Thompson v. City of Los Angeles*, 885 F.2d at 1443. Official policy may derive from "a decision properly made by a local

governmental entity's authorized decision maker – i.e., an official who possesses final authority to establish [local government] policy with respect to the [challenged] action." *Thompson v. City of Los Angeles*, 885 F.2d at 1443, internal quotation marks omitted. "Only if a plaintiff shows that his injury resulted from a 'permanent and well-settled' practice may liability attach for injury resulting from a local government custom." *Thompson v. City of Los Angeles*, 885 F.2d at 1444. "[O]fficial policy must be the moving force of the constitutional violation in order to establish the liability of a government body under § 1983." *Polk County v. Dodson*, 454 U.S. 312, 326 (1981), internal quotation marks omitted; see *Rizzo v. Goode*, 423 U.S. at 370-377 (general allegation of administrative negligence fails to state a constitutional claim cognizable under § 1983).

Here, Plaintiff's allegations do not relate to a policy or custom adopted by the County of Fresno which resulted in a constitutional violation, but instead relate to the actions of prosecutors and a probation officer during the course of the prosecution of his probation violation. Therefore, it will be recommended that the County of Fresno be DISMISSED WITHOUT LEAVE TO AMEND.

### 6.     *Individual v. Official Capacities*

In *Will v. Michigan Department of State Police*, 491 U.S. 58, 64-66 (1989), the Supreme Court held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983. The Supreme Court reasoned that a suit against a state official in his or her official capacity is a suit against the official's office, and as such is no different from a suit against the state itself, which would be barred by the Eleventh Amendment. Id.; see also *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir.1999); *Stivers v. Pierce*, 71 F.3d 732, 749 (9th Cir.1995). In addition, "the Eleventh Amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, i.e., money damages." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir.1988).

To the extent the Plaintiff's complaint names all of the defendants in their official capacities, it fails to state a cause of action. Accordingly, it is recommended that the complaint be DISMISSED WITHOUT LEAVE TO AMEND against any defendants named in their official

capacities.

## RECOMMENDATION

Based on all of the above, the Court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND in its entirety for failure to state a claim.

These findings and recommendations will be submitted to the Honorable Oliver W. Wanger pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: December 12, 2010                    /s/ Gary S. Austin
                                            UNITED STATES MAGISTRATE JUDGE